Brian S. Kabateck, SBN 152054
bsk@kbklawyers.com
Joshua H. Haffner, SBN 188652
jhh@kbklawyers.com
Peter Klausner, SBN 271902
pk@kbklawyeres.com
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, California 90017
Phone: (213) 217-5000
Fax:     (213) 217-5010

Attorneys for Plaintiff
and all others Similarly Situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JUNOD, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NWP SERVICES COMPANY, a California corporation; and DOES 1-50,<br><br>Defendants. | 8:14-cv-01734 JLS (JCGx)<br><br>**PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Judge: Hon. Josephine L. Staton<br><br>Removed to this Court on:  October 29, 2014 |

Plaintiff Michael Junod ("Plaintiff"), on behalf of himself and all others similarly situated, respectfully alleges the following:

**I.**

**NATURE OF THE ACTION**

1.  This is a class action arising out of fraudulent billing practices.

2.  Plaintiff Michael Junod ("Plaintiff" or "Junod") was a resident of an apartment complex that utilized a billing service company to collect monthly water and sewer charges.

3.  Defendant NWP Services Corporation ("Defendant" or "NWP") provides billing services to public utility companies, issuing public utility customers ("customers") bills on behalf of the public utility companies.  Defendant operates nationwide and is headquartered in Costa Mesa,

**SECOND AMENDED CLASS ACTION COMPLAINT**

California.

4. As more fully set forth herein, Defendant knowingly and willfully conducted fraudulent billing practices against its customers by overcharging for water and sewer use and by charging for water and sewer services not delivered.

5. Plaintiff seeks to represent the following class ("Class" or "Class members"):

> All current and former customers, within the applicable statute of limitations, serviced by Defendant NWP Services Corporation whose water and/or sewer charges had increased in excess of eighty percent without a corresponding increase in water and/or sewer usage.

6. The improper charges imposed onto customers by Defendant have resulted in substantial damages to Plaintiff and class members.

## II.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over the entire action by virtue of the fact that this is a civil action wherein the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of the Court.  The acts and omissions complained of in this action took place in the state of California, and Defendant resides in the State of California.  The bills in question were disseminated to Plaintiff, by Defendant, from a location in California. The bills expressly stated, "[t]he bill you have received is from NWP Services Corporation, PO Box 19661, Irvine, CA 92623-9661, a provider of billing services, and is not from the retail public utility." (See: Exhibit 1.)

8. Venue is proper because this is a class action, the acts and/or omissions complained of took place, in whole or in part within the venue of this Court, and Defendant resides within the venue of this Court.

## III.

## PARTIES

9. Plaintiff Michael Junod was a customer of Defendant NWP Services Corporation, receiving from Defendant monthly water and sewer bills during the liability period as alleged herein. As a customer of Defendant, Plaintiff was wrongfully overcharged for his water consumption and sewer usage.

10. Defendant NWP Services Corporation is registered in Delaware licensed to do, and is doing, business in the State of California. At all times relevant during the liability period, NWP provided utility billing services to customers nationwide but is a resident of California. All NWP's wrongful conduct at issue in this action in overbilling Plaintiff and class members emanated from California.

11. Plaintiff is currently ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under the fictitious names Does 1 through 50, inclusive, and therefore sue such defendants by such fictitious names. Plaintiff will seek leave to amend this complaint to alleges the true names and capacities of said fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein and for the damages suffered by the class.

12. Plaintiff is informed and believes, and thereon alleges, that all defendants, including the fictitious Doe defendants, were at all relevant times acting as actual agents, conspirators, ostensible agents, partners and/or in joint ventures and/or employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, and joint venture, conspiracy or enterprise, and with the express and/or implied permission, knowledge, consent authorization and ratification of their co-defendants; however, each of these allegations are deemed "alternative" theories whenever not doing so would result in a contradiction with other allegations.

## IV.

## **FACTUAL ALLEGATIONS**

**A.     Water and Sewage Utility Billing**

13. Utility companies providing water and sewer services often utilize a third party billing servicer to issue bills and collect payment from their customers. Defendant acts as such a billing service.

14. For water and sewer companies, the third party billing servicer typically is charged

with maintaining and reading water meters located at or near the customer's locations, which track how much water is being used at the location. The billing servicer determines how much water the customer has used in a month by calculating the difference from one meter reading from last month's meter reading or a similar technique. The billing servicer translates the difference into gallons of water used by the customer.

15. Once the billing servicer knows how much water the customer has used, the billing servicer charges for each gallon of water used at a specific amount per unit of water or sewage.

16. Defendant charges for sewer service based on the customer's water consumption. The sewer rate charged can be no higher than the one approved and published by the Public Utilities Commission.

17. For multi-unit complexes, utility billing servicers often utilize an allocation method called Ratio Utility Billing System ("RUBS"), which determines the water and sewage charges for the entire complex first. The billing servicer then applies any subsidy provided by the complex's management for the common area expenses and apportions any remaining charges for the common area among the residents.

18. The billing servicer then issues monthly a bill to the customer that reflects the customer's use of water and sewer services in the previous month, including any common area expenses apportioned to him or her.

**B.     Defendant's Conduct**

19. Defendant provides billing services for public utility companies throughout California and nationwide, including Plaintiff's state of Georgia.

20. At all times during the liability period, Defendant issued bills to and collected payments from Plaintiff and class members for their residential water and sewer usage.

21. At all times during the liability period, Plaintiff and class members were utility customers and received bills from Defendant. During these times, Plaintiff and class members received exorbitantly high water and sewer bills when they had not substantially changed their customary water and sewer usage from their time with the previous utility billing servicer. Additionally, the nature and usage of common areas had not changed substantially.

22. Defendant billed its customers by the customary practice of reading meters that showed how much water the customer used and charging a certain water and sewer rate for each gallon of water used to calculate the amount the customer owed each month.

23. At all times during the liability period, Defendant charged customers for water and sewer services not delivered. Defendant provided inaccurate and inflated meter readings, reporting higher than actual water use. Defendant would report water use that was up to triple the habitual and actual use by its customers.

24. Additionally, at all times during the liability period, Defendant overcharged for water and sewer services. Defendant charges for water and sewer rates at up to ten times that of other water comparable water rates in the area.

25. The bills issued by Defendant continued to hover at these levels and rates for the duration of Defendant's servicing. In cases where Defendant was dismissed as the billing service provider, bills would be issued at prior levels – as low as one tenth of those issued by Defendant.

26. At all times during the liability period, Plaintiff and class members were subject to these unfair and financially burdensome bills. Defendant's conduct, as alleged herein, has caused Plaintiff and class members damages including, but not limited to, financial loss, emotional and financial distress from the high costs, and in some instances, being required to move due to the unsustainable burden of these exorbitant bills. Defendant is liable to Plaintiff and the class for the overages charged for water and sewer services that customers had not used and the inflated rate at which Plaintiff and the class members were billed. Plaintiff is a member of and seeks to be the representative for the Class of similarly situated customers and former customers who all have been exposed to and have suffered from Defendant's unlawful billing practices as alleged herein.

27. The bills in question were disseminate to Plaintiff, by Defendant, from a location in California. The bills expressly stated, "[t]he bill you have received is from NWP Services Corporation, PO Box 19661, Irvine, CA 92623-9661, a provider of billing services, and is not from the retail public utility." (See: Exhibit 1.)

**SECOND AMENDED CLASS ACTION COMPLAINT**

**V.**

**CLASS DEFINITION AND CLASS ALLEGATIONS**

28.     Plaintiff brings this action on behalf of himself, on behalf of all others similarly situated, on behalf of the General Public, and as a member the Class defined as follows:

> All current and former customers, within the applicable statute of limitations, serviced by Defendant NWP Services Corporation whose water and/or sewer charges had increased in excess of eighty percent without a corresponding increase in water and/or sewer usage.

29.     Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time, or to propose or eliminate sub-classes, in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

30.     This action has been brought and may be properly maintained as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil of Civil Procedure ("FRCP")and other applicable law.

31.     **Numerosity of the Class:**  Pursuant to FRCP Rule 23, members of the Class are so numerous that their individual joinder is impracticable.  On information and belief, that there are hundreds or thousands of current and former customers of Defendant in California and nationwide during the Class period who were similarly overcharged by Defendant's improper policies and practices.  The precise number of Class members and their addresses will be known to Plaintiff through discovery.  Class members may be notified of the pendency of this action by mail, electronic mail, the Internet, or published notice.

32.     **Existence of Predominance of Common Questions of Fact and Law:**  Pursuant to FRCP Rule 23, common questions of law and fact exist as to all members of the Class.  These questions predominate over any questions affecting only individual class members. These common legal and factual questions are (1) whether Defendant engaged in a pattern or practice of charging Plaintiff and the members of the Class for water and sewer services undelivered during the class period; and (2) the nature and extent of class-wide injury and the measure of damages for the injury.

33.     **Typicality**: Plaintiff's claims are typical of the claims of the members of the class he represents because Plaintiff, as a utility customer whose bills were serviced by Defendant, was

exposed and subjected to the same unlawful business practices as other utility customers whose bills were serviced by Defendant during the liability period. Plaintiff and the members of the class he represents sustained the same types of damages and losses.

34. **Adequacy:** Plaintiff is an adequate representative of the class he represents because his interests do not conflict with the interests of the members of the class Plaintiff seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the class will be fairly and adequately protected by Plaintiff and his counsel.

35. **Superiority and Substantial Benefit:** The class action is superior to other available means for the fair and efficient adjudication of Plaintiff and the Class members' claims. The damages suffered by each individual Class member may be limited. Damages of such magnitude are small given the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. Further, it would be virtually impossible for the Class members to redress the wrongs done to them on an individual basis. Even if members of the Class themselves could afford such individual litigation, the court system could not. Individualized litigation increases the delay and expense to all parties and the court system, due to the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of single a adjudication, economy of scale, and comprehensive supervision by a single court.

36. Alternatively, the class should be certified because:

(a) The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for defendant;

(b) The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

(c) Defendant has acted or refused to act on grounds generally applicable to the

class, and/or the general public, thereby making appropriate final and injunctive relief with respect to the Class as a whole.

## VI.

## FIRST CAUSE OF ACTION

### Violation of California's Unfair Competition Act

**(Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et. seq.*)**

37. Plaintiff re-alleges and incorporates all preceding paragraphs as if fully set forth herein.

38. Section 17200 of the California Business and Professions Code (the "UCL") prohibits any unlawful, unfair, or fraudulent business practices.

39. Through its action alleged herein, Defendant has engaged in unfair competition within the meaning of the UCL. Defendant's conduct, as alleged herein, constitutes unfair business practices under the UCL that unjustly enriches Defendant at the undue expense of Plaintiff and class members.

40. Additionally, Defendant's unlawful conduct under the UCL includes conduct that is violative of public policy.

41. Defendant's unfair conduct under the UCL includes, but is not limited to, unfair and fraudulent billing practices that charged residents for water they did not consume and at rates that were unjust, unreasonable, and exorbitantly higher than that approved and published by the state's Public Utilities Commission.

42. California maintains a strong public policy related to charges for utility services evidenced by the Public Utilities Code, including section 451 -- California announces that all "charges demanded or received . . . shall be just and reasonable."

43. The aforementioned business practices of Defendant are likely to continue and therefore will continue to violate the law and deceive the public unless this court enjoins it and requires Defendant to cease the unfair and fraudulent practices and adopt policies and procedures to assure violations will not be committed in the future.

**SECOND AMENDED CLASS ACTION COMPLAINT**

# VII.

# **PRAYER**

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated and also on behalf of the general public, pray for judgment against Defendant as follows:

A. An Order that this action may proceed and be maintained as a class action;

B. For reimbursement of all water and sewer charges overbilled to Plaintiff and each class member;

C. For an order awarding restitution of costs due to Plaintiff and Class members;

D. An order enjoining Defendant from further unfair and unlawful business practices in violation of California Business & Professions Code §§ 17200 *et seq.*;

E. Disgorgement of profits;

F. Prejudgment interest at the maximum legal rate;

G. Reasonable attorneys' fees;

H. Costs of suit; and

I. Such other relief as the Court may deem just and proper.

DATED: January 30, 2015       **KABATECK BROWN KELLNER LLP**

By:  /s/ Joshua H. Haffner
Brian S. Kabateck
Joshua H. Haffner
Peter Klausner
*Attorneys for Plaintiff and others similarly situated*

**SECOND AMENDED CLASS ACTION COMPLAINT**

# IX.

# DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for herself and the Class members on all claims so triable.

DATED: January 30, 2015        **KABATACK BROWN KELLNER LLP**

By: /s/ Joshua H. Haffner
Brian S. Kabateck
Joshua H. Haffner
Peter Klausner
*Attorneys for Plaintiff and others similarly situated*