Brian S. Kabateck, SBN 152054
(bsk@kbklawyers.com)
Joshua H. Haffner, SBN 188652
(jhh@kbklawyers.com)
Levi Plesset, SBN 296039
(lp@kbklawyers.com)
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, California 90017
Phone: (213) 217-5000
Fax:   (213) 217-5010

Attorneys for Plaintiff
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT COURT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL JUNOD, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　vs.<br><br>NWP SERVICES COMPANY, a California corporation; and DOES 1-50,<br><br>　　　　　　Defendants. | **Case No.: 8:14-cv-01734 JLS (JCGx)**<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**<br><br>Judge:　Hon. Josephine L. Staton<br>Crtrm.:　10A<br><br>Date:　April 3, 2015<br>Time:　2:30 p.m. |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff was subjected to water and sewer bills that were ten times that of his usual bills when his apartment complex switched to Defendant NWP Services Company's ("Defendant") utility billing services. His water consumption had not significantly increased, yet his water and sewer bills reported that he was using up to three times more than that reported by his previous utility billing servicer. Once Defendant was dismissed as the utility billing servicer, Plaintiff's water and sewer bills returned to previous levels – about one tenth of that charged by Defendant.

Plaintiff brought a claim, on behalf of himself and those similarly situated, under California's Unfair Competition Law (UCL). Defendant filed an earlier motion to dismiss which was granted with leave to amend in order to allege that the misconduct at issue emanated from California. Plaintiff amended his complaint to allege that the conduct at issue emanated from California. Specifically, Plaintiff alleges that the inflated bills at issue state "[t]he bill you have received is from NWP Services Corporation, PO Box 19661, Irvine, CA 92623-9661, a provider of billing services, and is not from the retail public utility." Plaintiff clearly alleges and submits documentary evidence that "[t]he bills in question were disseminated to Plaintiff, by Defendant, from a location in California." (Second Amended Complaint ("SAC"), ¶ 7.) Because Plaintiff has cured the complaint to specifically allege that the misconduct at issue emanated from California, he clearly has standing to pursue the UCL claim.

Indeed, Defendant is undervaluing California's prodigious interest in providing a forum for those harmed by the actions of its corporate citizens. California courts repeatedly recognize the state's "interest in deciding actions against resident corporations whose conduct in this state causes injury to

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(6)**

persons in other jurisdictions." (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 756.) As Plaintiff and other non-Californian putative class members were harmed by Defendant's conduct which occurred in California, the doctrine of standing will not impede their ability to seek redress through the California judicial system.

Lastly, as to Defendant's motion to dismiss for failure to state a claim, Plaintiff has sufficiently pled an "unfair" practice within the ambit of the UCL by violating California Public Utilities Code section 451. For these reasons, set forth more specifically below, Defendant's motion to dismiss should be denied in its entirety.

## II. STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint generally need only set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the… claim is and the grounds on which it rests.'" (*Erickson v. Pardus* (2007) 551 U.S. 89, 93, quoting *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544 (internal quotations omitted).) Thus, a plaintiff is only required to plead "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. at 570.) When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. (*Erickson v. Pardus,* 551 U.S. at 94.) Motions to dismiss are generally viewed with disfavor and are rarely granted. (*Gilligan v. Jamco Dev. Corp.* (9th Cir. 1997) 108 F.3d 246, 249.) "[I]t is only the extraordinary case in which dismissal is proper" under Rule 12(b)(6). (*United States v. City of Redwood* City (9th Cir. 1981) 640 F.2d 963, 966.) If dismissal of the complaint is warranted, it is generally *without* prejudice, unless it is clear that the complaint cannot be saved by any amendment. (*In re Daou Sys., Inc.* (9th Cir. 2005) 411 F.3d 1006, 1013.)

Plaintiff has adequately stated claims under the UCL with more than adequate specificity as set forth below.

### III. AN OUT OF STATE PLAINTIFF HAS STANDING FOR A UCL CLAIM WHEN THE WRONGFUL CONDUCT OCCURRED IN CALIFORNIA

California Business and Professions Code section 17204, as amended by Proposition 64, provides that private suits can be brought under the UCL by "any person who has suffered injury in fact and has lost money or property" as a result of any unlawful, unfair, or fraudulent business act or practice. (Cal. Bus. & Prof. Code section 17204, as amended by Prop. 64, as approved by voters, Gen. Elec. (Nov. 2, 2004) § 3; Cal. Bus. & Prof. Code section 17200; *Kwikset v. Superior Court*, 51 Cal. 4th 310, 320-21 (2011).)

Plaintiff and members of the class he seeks to represent have suffered injury in fact, have pled sufficient facts for a UCL claim, and clearly met their burden in putting Defendant on notice of the grounds on which their claims lie. Plaintiff was injured by Defendant's conduct when he was charged exorbitant water and sewer rates as well as for water and sewer services not delivered. (SAC, ¶¶ 20-26.) Defendant's conduct is unfair and in violation of the California's public policy which prohibits unreasonable rates for public utilities, including water. (SAC, at ¶¶ 40-42.)

Indeed, the UCL "contains no express declaration that it was designed or intended to regulates claims of nonresidents arising from conduct occurring entirely outside of California." (*Norwest Mortg., Inc. v. Superior Court* (1999) 72 Cal.App.4th 214, 222.) In support of California's interest in regulating conduct within its borders, "remedies under the California unfair competition law 'may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California.'" (*Wershba v. Apple Computer, Inc.* (2011) 91 Cal.App.4th 224, 243, quoting *Norwest Mortg.* 72 Cal.App.4th at 224-25); see

also *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1208.)  In short, when a defendant commits wrongful conduct in California that injures out-of-state plaintiffs, the UCL applies to Defendant's conduct and plaintiffs' remedies.

Here, Defendant's conduct giving rise to Plaintiff's claims occurred in the State of California, and Plaintiff has alleged sufficient facts to this effect. (*See* SAC, ¶¶ 19-27.)  Defendant is a resident of California and issues bills to Plaintiff and Class members that overcharge and/or charge for water and sewer services not delivered.  (*Id*. at ¶¶ 12, 19-27.)  Additionally, Plaintiff gleaned from Defendant's motion to dismiss filed on December 19, 2014 that its Director of Production Procurement Operations -- executing her declaration in support of the motion in Costa Mesa, California -- "oversee[s] the processing and management of utility billing information that is sent to tenants in monthly statements."  (Exh. 1.)  Further, "[t]he bills in question were disseminated to Plaintiff, by Defendant, from a location in California.  The bills expressly stated, '[t]he bill you have received is from NWP Services Corporation PO Box 19661, Irvine, CA 92623-9661, a provider of billing services, and is not from the retail public utility.'"  (SAC, ¶ 7.)  As Plaintiff and members of the putative class were injured by Defendant's wrongful conduct occurring in California, Plaintiff and the class have standing to seek redress under the UCL.

## IV.   PLAINTIFF HAS PROPERLY ALLEGED AN UNFAIR BUSINESS PRACTICE UNDER THE UCL

The unfair, unlawful, and fraudulent prongs of the UCL each provide an *alternative* basis for liability.

> "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition -- acts or practices which are unlawful, or unfair, or fraudulent.  In other words, a practice is prohibited as 'unfair' or 'deceptive' even if not 'unlawful' and vice versa."

(*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999)

20 Cal.4th 163, 180.)  To constitute an "unfair" practice under the UCL, the California Supreme Court established that "the word 'unfair' in [Section 17200] means conduct that "threatens an incipient violation of an antitrust law, or that violates the policy or spirit of one of those laws because its effects are comparable to a violation of the law, or that otherwise significantly threatens or harms competition." (*Id*. at 187.)  Under the UCL, a business practice is unfair if (1) the consumer injury is substantial; (2) the injury is not outweighed by any countervailing benefits to the consumer or competition, and (3) the injury is one that the consumers themselves could not reasonably have avoided.  (*Camacho v. Automobile Club of Southern California* (2006) 142 Cal.App.4th 1394, 1403.)

Plaintiff has more than adequately alleged each of these elements.  He was substantially injured, paying up to ten times the water and sewer rates than that of comparable utility billing servicers in the area and was inaccurately billed for up to triple the amount of water he actually used.  (SAC, ¶¶ 21, 23-25.)  There is no countervailing benefit conferred upon Plaintiff and class members from being overcharged water and sewer rates and for paying for water and sewer services not delivered.  The higher rates and additional charges were not supported by premium in utility servicing.  Thirdly, Defendant had the upper hand in demanding payment for the amount charged on the bill, and Plaintiff and class members could not have reasonably avoided the financial injury without compromising their essential water supply.

Plaintiff has otherwise sufficiently pled an unfair practice pursuant to the *Cel-Tech* test, in which "unfair" conduct is "tethered to some legislatively declared policy." (*Cel-Tech Communications, Inc. v. Los Angeles Telephone Co.* 20 Cal. 4th at 186.)  Plaintiff cites the policy declared in California Public Utilities Code section 451 regarding public utility charges, which states that all "charges demanded or received [. . .] shall be just and reasonable."  As defined

by the California Supreme Court in *Cel-Tech,* an "unfair" practice is conduct that violates the policy or spirit of the law.  As Defendant's unjust and unreasonable demand for payment violates the policy and spirit of Section 451, Plaintiff has adequately pled at least one basis for liability under the UCL. Defendant, however, argues that "Plaintiff incorrectly relies on Public Utilities Code section 451.  As the plain language of the statute indicates, Section 451 applies to public utilities, not a third party billing service provider like NWP." (Motion To Dismiss, 7:15-17.)  Defendant, unfortunately, fails to point out the specific "plain language" of Section 451 to which it refers, nor does it provide any authority for its conclusion that Section 451 only applies to public utility companies.  The statute reads, in pertinent part, that "[a]ll charges demanded or received by any public utility [. . .] shall be just and reasonable.  Every unjust or unreasonable charge demanded or received for such product or commodity or service is unlawful."  (Cal. Pub. Util. Code § 451.)  Plaintiff's SAC clearly and unambiguously pleads facts stating that unjust and unreasonable utility charges were demanded by Defendant and received by corresponding local public utilities.  (SAC, ¶¶ 21, 23-25.)  Accordingly, Plaintiff has met its burden at this pleading stage and Defendant's motion should be denied.

## V.     REQUEST FOR LEAVE TO AMEND

With respect to a claim for which the motion dismiss is granted, Plaintiff respectfully requests leave to amend in order to cure any defects.  (*See Eminence Capital, LLC v. Aspeon, Inc.* (9th Cir. 2003) 316 F.3d 1048, 1053.) Federal Rule of Civil Procedure 15(a) provides that leave to amend shall be freely given when justice so requires. (Fed. R. Civ. P. 15; *United States v. Corinthian Colleges* (9th Cir. 2011) 655 F3d 984, 995—standard for granting leave to amend is "generous.").)  Where a more carefully drafted complaint *might* state a claim, a plaintiff *must be given at least one* more chance to amend the complaint before the district court dismisses the action with

prejudice. (*Silva v. Bieluch* (11th Cir. 2003) 351 F3d 1045, 1048-49.) Thus, Plaintiff respectfully requests an opportunity to amend his complaint in order to cure any perceived defects, should this Court grant any or all of Defendant's motion.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' motion to dismiss in all respects. With respect to any claim for which the motion dismiss is granted, Plaintiff respectfully requests leave to amend in order to cure any defects.

DATED: March 12, 2015      **KABATACK BROWN KELLNER LLP**

By: /s/ LEVI PLESSET
Joshua H. Haffner
Levi Plesset
*Attorneys for Plaintiff and others similarly situated*

# EXHIBIT 1

| | |
|---|---|
| 1 | JAIKARAN SINGH (SBN 201355) |
| 2 |   jsingh@mckennalong.com |
|   | EVAN C. MIX (SBN 287504) |
| 3 |   emix@mckennalong.com |
|   | McKENNA LONG & ALDRIDGE LLP |
| 4 | 600 West Broadway, Suite 2600 |
| 5 | San Diego, CA 92101-3372 |
|   | Telephone:  619.236.1414 |
| 6 | Facsimile:   619.232.8311 |
| 7 | |
| 8 | Attorneys for Defendant |
|   | NWP Services Corporation, |
| 9 | erroneously sued as NWP Services Company |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JUNOD, an individual, on behalf of himself and on behalf of all others similarly situated, | Case No. 8:14-cv-01734 JLS (JCGx) |
| Plaintiffs, | **DECLARATION OF KIRSTEN LACAVA IN SUPPORT OF NWP SERVICES CORPORATION'S MOTION TO DISMISS UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** |
| v. | |
| NWP SERVICES COMPANY, a California corporation, and DOES 1 through 50, | |
| Defendants. | |

///
///
///
///
///
///
///
///

I, Kirsten LaCava, declare as follows:

1. I am the Director of Production Procurement Operations at NWP Services Corporation (NWP), a position I have held since 2012. If called as a witness, I could and would competently testify as to the truthfulness of the facts contained herein.

2. As the Director of Production Procurement Operations, I oversee the processing and management of utility billing information that is sent to tenants in monthly statements. Because of these duties, I have access to and am familiar with information regarding water, sewer and other charges billed to current and former tenants, which is maintained in records by NWP in the ordinary course of business.

3. NWP's utility billing records show that Plaintiff Michael Junod is a former tenant of an apartment community in Roswell, Georgia that was called the Chattahoochee Landing Apartments. Attached to this declaration as Exhibit A are true and correct copies of the monthly statements that NWP sent to Mr. Junod at this apartment community.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct and that this declaration is executed this 5th day of November, 2014, in Costa Mesa, California.

_____
Kirsten LaCava

USW 804750810.1