JAIKARAN SINGH (SBN 201355)
  jsingh@mckennalong.com
McKENNA LONG & ALDRIDGE LLP
600 West Broadway, Suite 2600
San Diego, CA 92101-3372
Telephone:  619.236.1414
Facsimile:   619.232.8311

Attorneys for Defendant
NWP Services Corporation, erroneously
sued as NWP Services Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JUNOD, an individual, on behalf of himself and on behalf of all others similarly situated,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>NWP SERVICES COMPANY, a California corporation, and DOES 1 through 50,<br><br>　　Defendants. | Case No. 8:14-cv-01734 JLS (JCGx)<br><br>**[CLASS ACTION]**<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT NWP SERVICES CORPORATION'S MOTION TO DISMISS UNDER RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Judge: Hon. Josephine L. Staton<br>Crtrm.: 10A<br><br>Date:  April 3, 2015<br>Time:  2:30 p.m. |

## I. INTRODUCTION

NWP's motion to dismiss should be granted because Plaintiff lacks standing to assert a UCL claim and he fails to allege substantive facts to plead a cause of action for violation of the UCL.

Plaintiff incorrectly argues in his opposition that although he is a Georgia resident, he has standing to assert a UCL claim under California law because he has alleged (incorrectly) that NWP mailed billing statements to Plaintiff and other class members from California. Aside from the fact that bills are mailed from outside of California, for purposes of this pleading challenge, that allegation is irrelevant for determining where the alleged wrongful conduct in this case occurred. Plaintiff's allegations in the Second Amended Complaint ("SAC"), taken as a whole, make it clear that the alleged wrongful conduct at issue – improper meter readings that resulted in excessive water and sewer charges paid by Plaintiff (and other non-California class members) – occurred outside of California at the apartment communities where Plaintiff (and other non-California class members) resided.

In particular, given that the "place of the wrong" under California law is the state where the last event necessary to create liability occurred (*Mazza v. American Honda Motor Co., Inc.* 666 F.3d 581, 593 (9th Cir. 2012)), there is no doubt that for Plaintiff (and other non-California class members) this happened outside of California in Georgia where he received and paid his allegedly excessive water and sewer bills thereby sustaining injury (i.e., suffered a loss of money) for purposes of his UCL claim. (SAC, ¶¶ 19-21.) As a result, Plaintiff lacks standing.

In addition, Plaintiff's unfair business practices claim fails because he cannot meet the definition of "unfair" established by the California Supreme Court in *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.* Plaintiff's reliance on the "section 5 test" adopted by a California appellate court in *Camacho v. Automobile Club of Southern California* is misplaced given that Plaintiff's unfair business practices claim, as alleged, is admittedly based on the policy declared in Public Utilities Code

section 451. But because Section 451 does not apply to third party billing service providers like NWP, Plaintiff is left without an applicable statute or legislatively-declared public policy that NWP supposedly violated to support his UCL claim.

Accordingly, the Court should grant NWP's motion to dismiss.

## II. PLAINTIFF LACKS STANDING TO ASSERT A UCL CLAIM

Plaintiff (and other non-California class members) lacks standing to sue under the UCL because the wrongful conduct at issue, as alleged in the SAC, occurred outside of California in Georgia. "California considers the 'place of the wrong' to be the state ***where the last event necessary to make the actor liable occurred.***" *Mazza*, 666 F.3d at 593 (citing *McCann v. Foster Wheeler LLC*, 48 Cal.4th 68, 94 n.12) (Emphasis added.)

Here, Plaintiff's sole cause of action is violation of the UCL. Under the UCL, a plaintiff must have "suffered injury in fact and ha[ve] lost money or property as a result of [the alleged] unfair competition." Bus. & Prof. Code § 17204. The ***last*** event necessary for liability under the UCL as to Plaintiff – payment by Mr. Junod of the alleged excessive water and sewer bills sent to him by NWP – occurred in Georgia where Plaintiff resided and received the bills. (SAC, ¶¶ 19-21.)

Plaintiff incorrectly argues in his opposition that he has standing to sue under the UCL because NWP's alleged wrongful conduct is mailing billing statements from California. Aside from being factually incorrect, for purposes of this pleading challenge, that argument is without merit as a matter of law because it is far from the ***"last event"*** necessary to trigger liability under the UCL for Plaintiff's alleged overcharging claim.

Moreover, Plaintiff's argument belies the factual allegations of the SAC, taken as a whole.[1] Based on the allegations of the SAC, the crux of Plaintiff's complaint is that NWP fraudulently overcharged him for water and sewer at the Chattahoochee Landing

---

[1] Contrary to Plaintiff's argument (and the allegations of the SAC), the fact that NWP is a California company and that Ms. LaCava executed her declaration in California is irrelevant for purposes of determining whether the alleged wrongful conduct in this case occurred in or outside of California.

Apartments (and other tenants at their respective apartment communities) **based on** "inaccurate and inflated meter readings" taken by NWP at or near his property in Georgia. (SAC, ¶¶ 4, 14, 21, 22, 23.) That is the alleged wrongful conduct underlying this action that purportedly harmed Plaintiff when he lost money by making payment from Georgia.

Plaintiff ignores this basic, fundamental fact of his complaint and improperly tries to shift the Court's attention away by characterizing the alleged wrongful conduct in this case as the mailing of monthly billing statements from California. But even then, in the context of alleged fraudulent conduct, the "place of the wrong" is "the state where the misrepresentations were **communicated** to plaintiffs, not the state where the intention to misrepresent was formed or where misrepresented acts took place. . . ." *Mazza*, 666 F.3d at 593-94 (citing *Zinn v. Ex-Cell-O Corp*, 148 Cal.App.2d 56, 80 n. 6).

In this case, the alleged excessive water and sewer charges in the monthly billing statements from NWP were "communicated" to Plaintiff when these bills were received and read by him at the Chattahoochee Landing Apartments in Georgia. (SAC, ¶¶ 19-21.) The monthly statements themselves show they were sent to Plaintiff at the Chattahoochee Landing Apartments in Georgia. (*See* Plaintiff's monthly statements, attached as Exhibit A to LaCava Decl., Dckt. 14, filed December 9, 2014.)[2]

Moreover, as discussed above, Plaintiff also alleges that he and other non-California tenants were harmed when they paid their excessive water and sewer bills. (SAC, ¶¶ 19-21, 26.) For Plaintiff, that happened in Georgia. Notably, NWP's monthly statements to Plaintiff specifically instructed that checks be made payable to

---

[2] Copies of the monthly water and sewer billing statements to Mr. Junod are attached as Exhibit A to the Declaration of Kirsten LaCava in the Court's file. Although this motion is brought pursuant to Rule 12, submission of the entire billing statements is appropriate as Plaintiff has attached parts of two of the same statements as Exhibit 1 to the SAC and their authenticity is undisputed. (*See* LaCava Decl., ¶¶ 2 and 3.) *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) (holding that where a document is specifically referenced in a complaint and its authenticity is not questioned, it may be attached to a responsive pleading and considered by the court in ruling on a motion to dismiss under Rule 12(b)(6)).

the "Chattahoochee Landing Apartments" and were sent to the Chattahoochee apartment community by Plaintiff, all within Georgia. (*See* Exhibit A to LaCava Decl., Dckt. 14, filed December 9, 2014.)

Accordingly, based on the case authority and allegations in the SAC, Plaintiff lacks standing to sue under the UCL because he concedes that he was injured when he paid excessive bills sent to him at the Chattahoochee apartment community based on inaccurate meter readings taken by NWP at or near his property in Georgia (the wrongful conduct). Plaintiff's fabricated allegation that NWP mailed the monthly billing statements from California does not save his claim, as it is irrelevant in assessing where the wrongful conduct occurred.

### III. PLAINTIFF FAILS TO STATE A CLAIM FOR UNFAIR BUSINESS PRACTICES AGAINST NWP UNDER THE UCL

Plaintiff's unfair business practices claim also fails because he cannot meet the definition of "unfair" established by the California Supreme Court in *Cel-Tech Communications v. Los Angeles Cellular Telephone Co.* Plaintiff's opposition suggests that the Court ignore the California Supreme Court and apply the definition of "unfair" from section 5 of the Federal Trade Commission Act, as adopted by an appellate court in *Camacho v. Automobile Club of Southern California*, 142 Cal.App.th 1394 (2006). Plaintiff provides no support for why the Court should disregard the test articulated by the California Supreme Court to apply a different test used by an appellate court.

Moreover, the decisions in *Scripps Clinic v. Superior Court*, 108 Cal.App.4th 917, 940 (2003), *Schnall v. Hertz Corp.*, 78 Cal.App.4th 1144, 1157 (2002) and *Gregory v. Albertson's, Inc.*, 104 Cal.App.4th 845, 854 (2002), provide this Court with further guidance. Like this case, *Scripps Clinic*, *Schnall* and *Gregory* involved UCL actions by consumers, and all three courts applied *Cel-Tech's* definition of unfairness and held that the unfairness prong of section 17200 must be tethered to some legislatively declared policy. In *Scripps Clinic*, the appellate court instructed: "[W]here a claim of an unfair act or practice is predicated on public policy, we read

Cel-Tech to require that the public policy which is a predicate to the action must be 'tethered' to specific constitutional, statutory or regulatory provisions." 108 Cal.App.4th at 940.

Here, Plaintiff has alleged that the public policy upon which he relies for his unfair business practices claim is set forth in Public Utilities Code section 451. (SAC, ¶ 42.)[3] The problem is that Section 451 applies to public utilities, not a third party billing service provider like NWP. *See* Public Utilities Code § 451. The statute states, in relevant part:

> All charges demanded or received **by any public utility, or by any two or more public utilities**, for any product or commodity furnished or to be furnished or any service rendered or to be rendered shall be just and reasonable. Every unjust and or unreasonable charge demanded or received for such product or commodity or service is unlawful.

Public Utilities Code § 451 (emphasis added).

Plaintiff, in his opposition, quarrels that NWP does not provide authority for its conclusion that Section 451 applies only to public utilities. But aside from the plain language of Section 451 itself, Plaintiff does not have to look any further to find additional proof than the name of the Chapter title of the "Public Utilities Act" that includes Section 451 – "Rights and Obligations of Public Utilities." Public Utilities Act, Chapter 3. As such, Plaintiff does not even attempt to explain how this policy under Secion 451 applies to a private third party billing service provider like NWP when the plain language of the statute (including the name of the legislation and chapter title) make it clear that it applies only to public utilities. Accordingly, Plaintiff alleges no applicable statute or legislatively-declared public policy that NWP supposedly violated and therefore fails to state a claim under the UCL.

---

[3] Plaintiff's "public policy" allegation under Public Utilities Code section 451 is a tacit admission that even he knows that the *Cel-Tech* test applies here. Plaintiff essentially concedes as much in his opposition.

## IV. CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's Second Amended Complaint with prejudice.

DATED: March 20, 2015

McKENNA LONG & ALDRIDGE LLP

By: /s/ Jaikaran Singh
Jaikaran Singh
Attorneys for Defendant
NWP Services Corporation

USW 804836637.1