UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV 14-1734-JLS (JCGx)  Date:  April 2, 2015
Title:  Michael Junod v. NWP Services Corporation et al.

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Terry Guerrero | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                        Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 30)**

Before the Court is a Motion to Dismiss filed by Defendant NWP Services Corporation.  (Mot., Doc. 30.)  Plaintiff Michael Junod opposed, and NWP replied.  (Opp., Doc. 31; Reply, Doc. 32.)  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.  Accordingly, the hearing set for April 3, 2015, at 2:30 p.m. is VACATED.  For the following reasons, the Court DENIES the Motion.

**I.   INTRODUCTION**

Junod's Second Amended Complaint alleges the following facts:
NWP is a "third party billing servicer" that issues bills on behalf of utility companies and collects payment from their customers.  (Id. ¶ 13.)  NWP is headquartered in Costa Mesa, California.  (Id. ¶ 3.)
When providing billing services for water and sewer utilities, third party billing servicers maintain and read water meters at customers' locations, determine customers' water and sewer usage, and then bill the customer.  (Id. ¶¶ 13-15.)  When the customer lives in an apartment complex, this bill may also include charges for common area water and sewer use.  (Id. ¶ 18.)
Junod lives in an apartment complex for which NWP provided water and sewer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1734-JLS (JCGx)　　　　　　　　　　　　　Date: April 2, 2015
Title: Michael Junod v. NWP Services Corporation et al.

utility billing services. (Id. ¶¶19-20.) When NWP began providing this service, Junod and other residents received "exorbitantly high water and sewer bills when they had not substantially changed their customary water and sewer usage from their time with the previous utility billing servicer." (Id. ¶ 21.) Junod alleges this occurred because NWP "charged customers for water and sewer services not delivered." (Id. ¶ 23.) NWP did this by recording "inaccurate and inflated meter readings," thereby reporting water use that was "up to triple the habitual and actual use by its customers." (Id.) In addition, NWP charged customers at rates "up to ten times that of other water [sic] comparable water rates in the area." (Id. ¶ 24.) Once NWP ceased providing utility billing services, the bills immediately dropped to their prior levels – "as low as one tenth" of what they had been when issued by NWP. (Id. ¶ 25.)

　　　　Junod alleges NWP sent his bills from California and attaches to the SAC a bill reading as follows:

> The bill you have received is from NWP Services Corporation . . . Irvine, CA, 92623-9661, a provider of billing services . . . .

(Id. ¶ 27; id. Ex. 1.)
　　　　NWP now moves to dismiss the SAC in its entirety. (Mot.)

## II. **LEGAL STANDARD**

　　　　In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Furthermore, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). And while judicial review is generally limited to the face of a complaint, courts may properly consider "'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Harris v. Amgen, Inc.*, 738 F.3d 1026, 1035 (9th Cir. 2013),

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 14-1734-JLS (JCGx)                                              Date: April 2, 2015
Title: Michael Junod v. NWP Services Corporation et al.

*vacated on other grounds*, 134 S. Ct. 2870 (2014) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III.   DISCUSSION

NWP seeks to dismiss Junod's UCL claim on the grounds that he (1) lacks standing to bring a UCL claim and (2) fails to allege an unfair or unlawful business practice. (Mot. at 5-8.) The Court considers each contention in turn.

#### A.   Junod's Standing to Assert a UCL claim

NWP first argues Junod lacks standing to bring a UCL claim against it because Junod is a Georgia resident and is suing for conduct that occurred outside of California. (Mot. at 2.)

While there is a presumption against extraterritorial application of the UCL, it may nevertheless "be applied extraterritorially where the unlawful conduct that forms the basis of the out-of-state plaintiff's claim occur[ed] in California." *Fontenberry v. MV Transp., Inc.*, 984 F. Supp. 2d 1062, 1067 (E.D. Cal. 2013); *In re iPhone 4S Consumer Litig.*, No. C 12-1127 CW, 2013 WL 3829653, at *7 (N.D. Cal. July 23, 2013) ("California courts have concluded that state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 14-1734-JLS (JCGx) | Date:  April 2, 2015 |
| Title:  Michael Junod v. NWP Services Corporation et al. | |

(citation and quotation marks omitted).

NWP contends that the "crux of [Junod's] complaint is that NWP fraudulently overcharged him for water and sewer . . . based on 'inaccurate and inflated meter readings' taken by NWP at or near his property in Georgia."  (Reply at 2-3 (emphasis removed).)  Thus, NWP asserts the "wrongful conduct" alleged in the SAC took place in Georgia, not California.   (Mot. at 5; Reply at 3.)

While Junod does allege inaccurate and inflated meter readings, the Court does not understand them to be "the crux" of the SAC.  Rather, the SAC's crux is that NWP "knowingly and willfully conducted fraudulent *billing practices* against its customers by overcharging for water and sewer use," a scheme it allegedly conducted from its California headquarters.  (SAC ¶¶ 3, 4, 7, 10 21) (emphasis added).  Accepting these facts as true, this is sufficient to allege that the wrongful conduct at issue in this case took place in California.  *See Ehret v. Uber Technologies, Inc.*, No. C-14-0113 EMC, 2014 WL 4640170, at *4 (N.D. Cal. Sept. 17, 2014) (permitting an out-of-state plaintiff's UCL claim "where the alleged fraudulent activity emanated from California" because "the UCL's focus is 'on the defendant's conduct, rather than the plaintiff's damages'") (citation omitted); *see also In re Clorox*, 894 F. Supp. 2d 1224, 1238 (N.D. Cal. 2012) (permitting out-of-state plaintiffs to invoke California law where the defendant "conducts substantial business in California and has its principal place of business and corporate headquarters in the state, decisions regarding the challenged representations were made in California, [and] marketing activities were coordinated at its California headquarters"); *In re Mattel, Inc.*, 588 F. Supp. 2d 1111, 1119 (C.D. Cal. 2008) (denying a motion to dismiss the out-of-state plaintiffs' UCL claims based on "misrepresentations made in reports, company statements, and advertising that [were] *reasonably likely* to have come from or been approved by [defendant's] corporate headquarters in California").[1]

---

[1] Defendants' reliance on *Mazza* is misplaced at this stage.  *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).  There, the Ninth Circuit did not decide whether the named plaintiff could assert a UCL claim against the defendant; rather, the court conducted a detailed choice of law analysis before finding that "each class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place."  *Id*. at 594.  The court did *not,* however, find the out-of-state class members lacked

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 14-1734-JLS (JCGx) | Date:  April 2, 2015 |
| Title:  Michael Junod v. NWP Services Corporation et al. | |

Accordingly, the Court finds, at the pleading stage, that Junod has standing to bring a UCL claim.

### B. <u>Failure to State a UCL Claim</u>

NWP next argues that Junod fails to allege either an "unfair" or "unlawful" business practice under the UCL.  (Mot. at 4-8.)

NWP first argues that Junod failed to allege a claim for unfair business practices against NWP because Junod "identifies no legislatively-declared public policy that NWP violated."  (Mot. at 6-7.)  NWP relies on *Cel-Tech*, in which the California Supreme Court rejected the use of a balancing test to establish the unfairness prong for a UCL claim as "too amorphous and provid[ing] too little guidance to courts and businesses." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 185 (1999). Accordingly, the court held that "any finding of unfairness to competitors under section 17200 [must] be tethered to some legislatively declared policy or proof of some actual or threatened impact on competition." *Id.* at 186-87.  NWP argues that Junod fails to do so here.

The *Cel-Tech* court, however, expressly limited its holding to actions by competitors alleging anti-competitive practices and emphasized that "[n]othing we say relates to actions by consumers or by competitors alleging other kinds of violations of the unfair competition law such as 'fraudulent' or 'unlawful' business practices or 'unfair, deceptive, untrue or misleading advertising.'"  *Id.* at 187 n.12 (citations omitted). Because Junod brings the present action as a consumer and not as a competitor of NWP, he may still assert an unfair business practice claim under the UCL by use of the

___

standing.  *See In re iPhone 4S Consumer Litig.* 2013 WL 3829653 at *8.  While *Mazza* may become be relevant at the class certification stage, it is irrelevant in assessing Junod's individual claim at the motion to dismiss stage.  *See In re Clorox*, 894 F. Supp. 2d at 1237 ("At this stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate."); *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 922 (N.D. Cal. May 10, 2012) ("Although *Mazza* may influence the decision whether to certify the proposed class and subclass, such a determination is premature [at the pleading stage].").

___

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 14-1734-JLS (JCGx) | Date:  April 2, 2015 |
| Title:  Michael Junod v. NWP Services Corporation et al. | |

balancing test.  *See Lozano v. AT & T Wireless Servs., Inc.*, 504 F.3d 718, 736 (9th Cir. 2007) ("[A]dopting one standard does not necessitate rejection of the other, we hold that, no matter the status of *Cel-Tech,* the district court did not apply the wrong legal standard by relying on the balancing test from *South Bay*."); *Peterson v. Mazda Motor of Am., Inc.*, 44 F. Supp. 3d 965, 973 (C.D. Cal. 2014) ("[T]he Ninth Circuit still permits the use of the balancing test or the public policy test in the consumer context.")

The balancing test "involves an examination of [that practice's] impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer.  In brief, the court must weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim."  *S. Bay Chevrolet v. Gen. Motors Acceptance Corp*., 72 Cal. App. 4th 861, 886 (1999) (citation and quotation marks omitted).  Here, Junod alleges that he received "exorbitantly high water and sewer bills" from NWP even though "[he] had not substantially changed [his] customary water and sewer usage from [his] time with the previous utility billing servicer."  (SAC ¶ 21.) Junod further alleges that NWP "charged customers for water and sewer services not delivered" by "provid[ing] inaccurate and inflated meter readings, reporting higher than actual water use . . . [and] report[ing] water use that was up to triple the habitual and actual use by its customers."  (Id. ¶ 23.)  Junod further alleges that this practice continued for the duration of NWP's service and that as a result, he was subject to "unfair and financially burdensome bills," which included "water and sewer rates at up to ten times that of other [] comparable water rates in the area."  (Id. ¶¶ 24-26.)  Junod thus clearly alleges cognizable harm arising from NWP's alleged conduct.  NWP, by contrast, fails to provide any justification for its alleged practice or argue that it has any utility.

Accordingly, accepting the SAC's allegations as true, Junod states a claim under the "unfair" prong of the UCL.  The Court therefore need not determine whether Junod also states a claim for an "unlawful" business practice.  (*See* Mot. at 8; Opp. at 6.)

## IV. CONCLUSION

For the foregoing reasons, the Court finds Junod has standing to assert a UCL claim and that he adequately states a claim under the UCL's "unfair" prong.  NWP's Motion to Dismiss is therefore DENIED.

_____