1  JAIKARAN SINGH (SBN 201355)
     jsingh@mckennalong.com
2  McKENNA LONG & ALDRIDGE LLP
    600 West Broadway, Suite 2600
3  San Diego, CA 92101-3372
    Telephone:  619.236.1414
4  Facsimile:   619.232.8311

5  Attorneys for Defendant
    NWP Services Corporation, erroneously
6  sued as NWP Services Company

7

8                    UNITED STATES DISTRICT COURT

9          CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

10

| | |
|---|---|
| 11  MICHAEL JUNOD, an individual, on behalf of himself and on behalf of all 12  others similarly situated, | Case No. 8:14-cv-01734 JLS JCGx |
| 13                    Plaintiffs, | **DEFENDANT'S ANSWER TO SECOND AMENDED COMPLAINT** |
| 14             v. | The Hon. Josephine L. Staton |
| 15  NWP SERVICES COMPANY, a California corporation, and DOES 1 16  through 50, | Trial Date:    March 7, 2017/9:00 a.m. |
| 17                    Defendants. | |

18

19          Defendant NWP Services Corporation, erroneously sued as NWP Services

20  Company (Defendant) hereby answers Plaintiff's Second Amended Complaint as

21  follows:

22                              **NATURE OF ACTION**

23          1.      Defendant denies the allegations contained in paragraph 1, except

24  admits that Plaintiff purports to define a putative class, but denies that this lawsuit is

25  appropriate for class action treatment or is manageable as a class action.

26          2.      Based on information and belief, Defendant admits that Plaintiff

27  Michael Junod resided in an apartment community that used a third party billing

28

service provider to bill tenants monthly water and sewer charges.  Except as expressly admitted, Defendant denies the allegations in paragraph 2.

3.    Defendant admits that it provides billing services to apartment communities nationwide and has its principal place of business in Costa Mesa, California.  Except as expressly admitted, Defendant denies the allegations in paragraph 3.

4.    Defendant denies the allegations of paragraph 4.

5.    Defendant denies the allegations contained in paragraph 5, except admits that Plaintiff purports to define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

6.    Defendant denies the allegations of paragraph 6.

## JURISDICTION AND VENUE

7.    Paragraph 7 of the Second Amended Complaint contains legal conclusions as to which no answer is required.  Defendant admits that it resides in California, but denies that the bills in question were disseminated to Plaintiff by Defendant from a location in California.

8.    Paragraph 8 of the Second Amended Complaint contains legal conclusions as to which no answer is required.  Defendant admits that it resides in California, but denies that the acts and/or omissions complained of took place in whole or in part in California.

## PARTIES

9.    Based on information and belief, Defendant admits that Plaintiff received from Defendant monthly bills that included water and sewer charges. Except as expressly admitted, Defendant denies the allegations in paragraph 9.

10.    Defendant admits that it was formed under the laws of the State of Delaware, does business in California and provides utility billing services to customers nationwide.  Except as expressly admitted, Defendant denies the allegations in paragraph 10.

11.    Defendant admits that Plaintiff purports to sue unnamed defendants. Defendant denies that the naming of fictitious or Doe defendants is proper in federal court.  Except as expressly admitted, Defendant denies the allegations in paragraph 11.

12.    Defendant denies the allegations of paragraph 12.

## FACTUAL ALLEGATIONS

13.    Defendant denies the allegations of paragraph 13.

14.    Defendant admits that it reads water meters located at or near apartment communities and calculates water and sewer charges to tenants.  Except as expressly admitted, Defendant denies the allegations in paragraph 14.

15.    Defendant admits that it bills tenants once it knows how much water a tenant used.  Except as expressly admitted, Defendant denies the allegations in paragraph 15.

16.    Defendant admits that it bills tenants for sewer generally based on the tenants' water consumption consistent with the laws and regulations of each specific jurisdiction where an apartment community is located.  Except as expressly admitted, Defendant denies the allegations in paragraph 16.

17.    Based on information and belief, Defendant admits that many utility billing service providers use the RUBS methodology.  Except as expressly admitted, Defendant denies the allegations in paragraph 17.

18.    Based on information and belief, Defendant admits that utility billing service providers often send a monthly statement to tenants that contains water and sewer charges for use in the prior month.  Except as expressly admitted, Defendant denies the allegations in paragraph 18.

**Defendant's Conduct**

19.    Based on information and belief, Defendant admits that Plaintiff resides in Georgia.  Except as expressly admitted, Defendant denies the allegations in paragraph 19.

20.    Defendant admits that it sent monthly statements to Plaintiff and other tenants that contained water and sewer charges.  Except as expressly admitted, Defendant denies the allegations in paragraph 20.

21.    Defendant admits that Plaintiff and other tenants received monthly statements from Defendant.  Except as expressly admitted, Defendant denies the allegations in paragraph 21.

22.    Defendant admits that it has billed tenants based on meter reads that show how much water a tenant consumed.  Except as expressly admitted, Defendant denies the allegations in paragraph 22.

23.    Defendant denies the allegations of paragraph 23.

24.    Defendant denies the allegations of paragraph 24.

25.    Defendant denies the allegations of paragraph 25.

26.    Defendant denies the allegations of paragraph 26.

27.    Defendant denies the allegations of paragraph 27.

## CLASS DEFINITION AND CLASS ALLEGATIONS

28.    Defendant denies the allegations contained in paragraph 28, except admits that Plaintiff purports to define a putative class, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

29.    Defendant denies the allegations contained in paragraph 29, except admits that Plaintiff purports to reserve the right to establish or eliminate subclasses, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

30.    Defendant denies the allegations contained in paragraph 30, except admits that Plaintiff purports to bring this action as a class action, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.

31.    Defendant denies the allegations contained in paragraph 31, except admits that Plaintiff purports to bring this action as a class action, but denies that

1  this lawsuit is appropriate for class action treatment or is manageable as a class
2  action.

3      32.    Defendant denies the allegations contained in paragraph 32, except
4  admits that Plaintiff purports to bring this action as a class action, but denies that
5  this lawsuit is appropriate for class action treatment or is manageable as a class
6  action.

7      33.    Defendant denies the allegations contained in paragraph 33, except
8  admits that Plaintiff purports to bring this action as a class action, but denies that
9  this lawsuit is appropriate for class action treatment or is manageable as a class
10 action.

11     34.    Defendant denies the allegations contained in paragraph 34, except
12 admits that Plaintiff purports to bring this action as a class action, but denies that
13 this lawsuit is appropriate for class action treatment or is manageable as a class
14 action.

15     35.    Defendant denies the allegations contained in paragraph 35, except
16 admits that Plaintiff purports to bring this action as a class action, but denies that
17 this lawsuit is appropriate for class action treatment or is manageable as a class
18 action.

19     36.    Defendant denies the allegations contained in paragraph 36, except
20 admits that Plaintiff purports to bring this action as a class action, but denies that
21 this lawsuit is appropriate for class action treatment or is manageable as a class
22 action.

23 **FIRST CAUSE OF ACTION**

24     37.    Defendant repeats and incorporates its responses to the allegations
25 contained in paragraphs 1 through 36 of the Second Amended Complaint as if fully
26 set forth herein.

27     38.    Paragraph 38 of the Second Amended Complaint contains legal
28 conclusions as to which no answer is required.

1    39.    Defendant denies the allegations of paragraph 39.

2    40.    Defendant denies the allegations of paragraph 40.

3    41.    Defendant denies the allegations of paragraph 41.

4    42.    Paragraph 42 of the Second Amended Complaint contains legal

5    conclusions as to which no answer is required.

6    43.    Defendant denies the allegations of paragraph 43.

7    **PRAYER**

8    AS TO PLAINTIFF'S PRAYER FOR RELIEF, Defendant denies that

9    Plaintiff is entitled to any of the relief sought under any of the claims and allegations

10    he asserts in the Second Amended Complaint.

11    **AFFIRMATIVE DEFENSES**

12    44.    Without conceding that it has the burden of proof as to any of these

13    matters, Defendant submits the following defenses:

14    FIRST SEPARATE AND ADDITIONAL DEFENSE

15    Plaintiff fails to satisfy the prerequisites for class certification and, therefore,

16    lacks standing and cannot represent the interests of others as to each of the purported

17    causes of action.

18    SECOND SEPARATE AND ADDITIONAL DEFENSE

19    Plaintiff lacks standing under Article III of the U.S. Constitution.

20    THIRD SEPARATE AND ADDITIONAL DEFENSE

21    The types of claims alleged by the named Plaintiff on behalf of himself and the

22    members of the putative plaintiff class, the existence of which is expressly denied, are

23    matters as to which there is no appropriate common question and/or for which

24    individual questions would predominate and, accordingly, such claims are not

25    appropriate for class treatment.

26

27

28

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

The claims alleged by Plaintiff are neither common to nor typical of those, if any, of the members of the alleged class Plaintiff purports to represent, the existence of which is expressly denied.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

The named Plaintiff is an inadequate representative of any alleged class of persons he purports to represent, the existence of which is expressly denied.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

The Second Amended Complaint, and each and every cause of action against Defendant, is barred because any recovery from Defendant would result in Plaintiff's unjust enrichment, and/or the unjust enrichment of members of the purported class he seeks to represent, the existence of which is expressly denied.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

The purported claims of Plaintiff and members of the alleged class, the existence of which is expressly denied, are barred, in whole or in part, by the applicable statute(s) of limitations.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

Neither Plaintiff nor any member of the purported class, the existence of which is expressly denied, is entitled to restitution and/or disgorgement from Defendant.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

By virtue of the acts and omissions of Plaintiff and/or members of the purported class, the existence of which is expressly denied, Defendant has incurred damages and expenses, all in amounts to be ascertained and applied as an offset against the claims made in the Second Amended Complaint.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and/or the members of the purported class, the existence of which is expressly denied, are equitably estopped by reason of their own conduct from recovering on the Second Amended Complaint.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and/or the members of the purported class, the existence of which is expressly denied, by their own conduct, have waived the claims alleged in the Second Amended Complaint and, as a consequence thereof, Plaintiff and the purported class are barred from seeking the relief sought, or any relief whatsoever.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

The types of claims alleged by the named Plaintiff on behalf of himself and the members of the putative plaintiff class, the existence of which is expressly denied, are matters not appropriate for class action treatment or manageable as a class action because of choice of law principles and concerns regarding each state's consumer protection laws and/or underlying laws and regulations of different jurisdictions related to water and sewer billing.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

To the extent Plaintiff and/or any members of the alleged class, the existence of which is expressly denied, have sustained monetary loss, which is expressly denied, Plaintiff and/or the members of the putative class have contributed in a direct and proximate manner to such loss by failing to act reasonably and prudently to mitigate such loss. The alleged monetary loss of Plaintiff and/or members of the alleged class, if any, must be reduced by the extent to which the loss was proximately caused by their failure to mitigate their own loss.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff and/or members of the putative class, the existence of which is expressly denied, have come into this Court with unclean hands, and as a consequence thereof, Plaintiff and/or such members of the purported class are barred from recovery.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

Plaintiff's Second Amended Complaint, and each purported cause of action contained therein, is barred because Defendant did not commit any fraudulent, unlawful

1  or unfair business act or practice within the meaning of California Business and

2  Professions Code Sections 17200, et seq. (the "UCL").

3  ## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

4  Plaintiff and/or any members of the alleged class, the existence of which is

5  expressly denied, lack standing under the UCL because they have not suffered actual

6  injury and/or lost money or property to Defendant.

7  ## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

8  Any claim under the unfair prong of the UCL is barred because Plaintiff cannot

9  prove any unfair conduct by Defendant because its conduct and practices, to the extent

10  that any exist, comply with any and all applicable laws.

11  ## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

12  Any claim under the unfair prong of the UCL is barred because Defendant's

13  applicable conduct and practices, to the extent that any exist, are supported by business

14  justification and are consistent with industry standard and practice.

15  ## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

16  Any claim under the unfair prong of the UCL is barred because Defendant's

17  conduct and practices, to the extent that any exist, are specifically authorized by

18  applicable law.

19  ## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

20  Plaintiff and/or any members of the alleged class, the existence of which is

21  expressly denied, lack standing under the UCL because the alleged wrongful acts and

22  conduct of Defendant occurred outside of California.

23  ## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

24  The Second Amended Complaint, and each any every purported cause of action

25  alleged therein, is barred because any conduct in the Second Amended Complaint

26  allegedly performed by Defendant, to the extent the conduct was actually performed,

27  was justified and/or privileged under the circumstances.

28

1    TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

2        To the extent any of the purported causes of action alleged in the Second

3    Amended Complaint seek prejudgment interest, Plaintiff and/or the members of the

4    purported class, the existence of which is expressly denied, are not entitled to monetary

5    recovery giving rise to such interest, or any damages at all.

6    TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

7        Plaintiff's and putative class members' claims are barred, in whole or in part,

8    because the monetary recovery sought is too speculative and remote.

9    TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

10        Plaintiff's and putative class members' claims are barred, in whole or in part, as

11    to Defendant to the extent that Defendant did not owe a legal duty to Plaintiff and

12    putative class members, or, if Defendant owed a legal duty to Plaintiff and putative

13    class members, Defendant did not breach that duty.

14    TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

15        Plaintiff's and putative class members' claims are barred, in whole or in part, to

16    the extent Plaintiff and the putative class members lack privity with Defendant.

17    TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

18        Plaintiff's and putative class members' claims are barred, in whole or in part,

19    because neither Plaintiff nor putative class members suffered any actionable injury or

20    because such injury was not actually or proximately caused by Defendant.

21    TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

22        To the extent Plaintiff and putative class members allege that they were injured

23    or damaged, which injuries and damages are denied, the injuries and damages were

24    caused solely by acts, wrongs, or omissions of persons, entities, forces, or things over

25    which Defendant has no control and for which Defendant is not legally responsible.

26    TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

27        Plaintiff and putative class members are not entitled to relief jointly and severally

28    and Defendant is not jointly and severally liable with any other person or entity,

1 | including among themselves, with respect to the claims asserted by Plaintiff and
2 | putative class members.

### TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

4 | Plaintiff's and putative class members' claims are barred, in whole or in part,
5 | because the acts or omissions alleged to have been performed by Defendant, if
6 | performed at all, were done in good faith.

### THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

8 | Plaintiff's and putative class members' claims are barred, in whole or in part, by
9 | the doctrine of voluntary payment.

### THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

11 | To the extent Plaintiff and/or the putative class members are entitled to any
12 | relief, Defendant is entitled to an offset or set off of such relief for the value of the
13 | benefits and services that Plaintiff and the putative class members received.

### THIRTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

15 | Plaintiff and putative class members' claims for injunctive and equitable relief
16 | are barred because there is an adequate remedy at law.

### RESERVATION OF DEFENSES

18 | Defendant hereby gives notice that it intends to rely upon any other defenses that
19 | may become available or appear during the proceedings in this case and hereby reserves
20 | its rights to amend its Answer to assert any such defense. Defendant intends to require
21 | Plaintiff to carry his burden of proof on every element of Plaintiff's claims. Defendant
22 | therefore reserves the right to assert by motion or at trial denials as to Plaintiff's ability
23 | to prove the required elements of his claims. In the event that any affirmative defense
24 | asserted by Defendant is determined by the Court to be a denial rather than an
25 | affirmative defense, the burden of proof shall not shift to Defendant on such matters
26 | merely because the matter has been pleaded as an affirmative defense rather than a
27 | denial.

28

1

## PRAYER FOR RELIEF

2       WHEREFORE, having fully answered Plaintiff's Second Amended Complaint,

3   Defendant prays for judgment as follows:

4       1.    That this Second Amended Complaint be dismissed with prejudice;

5       2.    That judgment be rendered in favor of Defendant;

6       3.    That Defendant recover its attorney's fees and expenses; and

7       4.    That Defendant has such other and further relief as this Court deems just

8   and proper.

9

10   DATED:  April 16, 2015      MCKENNA LONG & ALDRIDGE LLP

11

12       By: _____
    Jaikaran Singh

13       Attorneys for Defendant
    NWP Services Corporation

14

15   USW 805017341.1

16

17

18

19

20

21

22

23

24

25

26

27

28

MCKENNA LONG &
ALDRIDGE LLP
SAN DIEGO

12

Case No. 8:14-cv-01734 JLS JCGx
ANSWER TO COMPLAINT